UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:22-cv-00300-SB-SHK | Date: | March 1, 2022 |
|---|---|---|---|

| Title: | *Priscilla Luna et al. v. P & M Healthcare Holdings, Inc. d/b/a Rancho Mesa Care Center et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING REQUEST FOR STAY OF REMAND ORDER [Dkt. No. 19]

On February 18, 2022, the Court ordered Defendants to show cause (OSC), in writing and by not later than March 4, 2022, why this matter should not be remanded to state court in light of the reasoning in two decisions by this Court addressing similar questions of federal jurisdiction. Dkt. No. 10. On February 24, 2022, the Court issued an amended OSC, ordering Defendants to include in their response why this matter not should not be remanded in light of the Ninth Circuit's recent decision in *Saldana v. Glenhaven Healthcare LLC*, 2022 WL 518989 (9th Cir. Feb. 22, 2022), a case with striking similarities to this one. Dkt. No. 14. Defense counsel are familiar with that case because they are counsel of record for the defendants. On the same day, Defendants filed their response to the OSC, which made no mention of *Saldana* nor the two decisions cited by the Court in the

first OSC.[1]  Dkt. No. 16.  Because the response failed to demonstrate why the Court had subject matter jurisdiction over the state-law claims brought by Plaintiffs in this case, the Court ordered the case remanded to state court on February 25, 2022, Dkt. No. 17, and the case was officially remanded three days later, Dkt. No. 18.

After the case had already been remanded, Defendants filed the matter now before the Court.  Dkt. No. 19.  Defendants request that the Court stay the remand under Federal Rule of Civil Procedure 62(a) so that Defendants can appeal the Court's denial of 28 U.S.C. § 1442 federal officer jurisdiction.  *Id.* at 2; *see* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the action "was removed pursuant to section 1442 [the federal officer removal statute] or 1443 [civil rights cases]...."). Because § 1447 does not provide for a stay pending appeal, the grant or denial of a stay is discretionary.  *See, e.g., Carrillo v. Sela Healthcare, Inc.*, No. 5:21-cv-00150-FLA (SPx), 2021 WL 4556421, at *5 (C.D. Sept. 8, 2021) (denying a similar request to stay a remand order).

Defendants argue that the Ninth Circuit "has not yet spoken" about, and "there is no binding precedent" on, whether federal officer jurisdiction exists in cases like this one involving COVID-19 related deaths in senior living facilities. Dkt. No. 19 at 3.  This argument is both wrong and puzzling.  It is wrong because the Ninth Circuit in *Saldana* squarely addressed and rejected federal officer jurisdiction in circumstances indistinguishable from those in this case.  It is puzzling because defense counsel well knows about *Saldana*—a case previously cited by this Court, Dkt. Nos. 14 and 17, and a case in which the defendants were represented by the same attorneys here.  The crux of Defendants' jurisdictional argument, as presented in its stay motion, is that senior care facilities are "critical infrastructure businesses" whose allegedly harmful actions were taken "at the direction of federal officers."  Dkt. No. 19 at 3.  But the Ninth Circuit addressed this argument in detail in *Saldana* and concluded:

> Glenhaven [a nursing home] has failed to substantiate its claims that it was conscripted to assist a federal officer or agency in performance of a government duty or that it was authorized to act for a federal officer. All that Glenhaven has demonstrated is that it operated as a private

---

[1] *Estate of Calebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951 (C.D. Cal. Mar. 1, 2021) and *Forman v. C.p.c.h., Inc.*, No. 2:21-CV-02845-SB-JEM, 2021 WL 2209308 (C.D. Cal. June 1, 2021).

entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies. Thus, Glenhaven was not "acting under" a federal officer or agency as contemplated by the federal officer removal statute. And because Glenhaven did not act under a federal officer, there is no causal nexus that allows removal under 28 U.S.C. § 1442.

2022 WL 518989 at *4; *see also id*. (holding that a nursing facility's "status as a critical infrastructure entity does not establish that it acted under a federal officer or agency, or that it carried out a government duty").

Not only do Defendants fail to acknowledge the Ninth Circuit's ruling in *Saldana*, they rely on the district court's decision in that case granting a stay. They also cite to numerous other district court decisions, including one issued by this Court, granting a stay pending appeal. Because Defendants neglect to disclose the adverse result of the appeal in *Saldana*, they do not address its impact on their stay request. Defendants therefore fail to demonstrate that a stay is warranted.

Accordingly, Defendants' request is **DENIED**. In denying the request, the Court has serious questions about defense counsel's failure to disclose the Ninth Circuit's decision in *Saldana*. Lead counsel for Defendants are hereby **ORDERED** to submit a declaration explaining this omission **by no later than March 8, 2022**. The declaration should not be used as an opportunity to reargue, or as an invitation to request reconsideration of, the stay motion. Rather, the declaration shall be limited to explaining the failure to disclose the *Saldana* decision on appeal.

**IT IS SO ORDERED**.