**LEWIS BRISBOIS BISGAARD & SMITH** LLP
KATHLEEN M. WALKER, SB# 156128
  Email: Kathleen.Walker@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile:  213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
LANN G. McINTYRE, SB# 106067
  Email: Lann.McIntyre@lewisbrisbois.com
RITA R. KANNO, SB# 230679
  Email: Rita.Kanno@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile:  619.233.8627

Attorneys for Defendants P & M HEALTHCARE HOLDINGS, INC. dba RANCHO MESA CARE CENTER, MARYLYNN MAHAN, and PHILLIP WEINBERGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA LUNA, deceased, by and through her personal legal representative and successor in interest, JOHN ROBERTS; JOHN ROBERTS individually, and THERESA ROBERTS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> P & M HEALTHCARE HOLDINGS, INC. dba RANCHO MESA CARE CENTER, a California Skilled Nursing Facility; MARYLYNN MAHAN, Individually; PHILLIP WEINBERGER, Individually and DOES 1-25, inclusive, <br><br> Defendants, | Case No. 5:22-cv-00300-SB-SHK <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE** <br><br> **Date:** **April 8, 2022** <br> **Time:** **8:30 a.m.** <br> **Dept.** **6C** |

Defendants, P & M HEALTHCARE HOLDINGS, INC. dba RANCHO MESA CARE CENTER, MARYLYNN MAHAN, and PHILLIP WEINBERGER, and their counsel, Rita Kanno, hereby submit the following memorandum of points and authorities in response to this Court's Order to Show Cause re Sanctions, pursuant to its minutes filed March 14, 2022.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.     INTRODUCTION

This Order to Show Cause why sanctions should not be imposed was issued by this Court pursuant to its inherent authority to issue sanctions. This Court issued the Order to Show Cause re Sanctions for defense counsel's omission of reference to the Ninth Circuit's recent decision in *Saldana v. Glenhaven Healthcare LLC*, 2022 WL 518989 (9th Cir. Feb. 22, 2022) in Defendants' Request for Automatic 30-Day Stay filed March 1, 2022 (Dkt. 19), raising the duty of candor pursuant to Cal. R. Prof. Conduct 3.3(2).

Sanctions are not warranted. Defense counsel was not acting in bad faith in failing to cite the February 22, 2022 *Saldana* decision in Defendant's request for automatic stay. Defense counsel did not knowingly fail to cite adverse controlling authority but mistakenly understood that since the *Saldana* opinion was not yet final given that the mandate had not issued and since the time for filing a petition for rehearing had not expired, it was not binding precedent at that time. Counsel had no intent to mislead this Court or opposing counsel, and simply misunderstood the binding effect of the non-final order at that time. As such, sanctions are not warranted under the circumstances, and Defendants and their counsel respectfully request that sanctions not be imposed.

## II.     SANCTIONS ARE NOT APPROPRIATE UNDER THE CIRCUMSTANCES SINCE THERE WAS NO BAD FAITH CONDUCT

Cal. R. Prof. Conduct 3.3 provides, in pertinent part, that a lawyer shall not:

> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel, or knowingly misquote to a tribunal (*) the language of a book, statute, decision or other authority;
> ….

Cal. R. Prof. Conduct 3.3.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

As cited in the Court's Order to Show Cause re: Sanctions, the court in *Transamerica Leasing, Inc. v. Compania Anonima Venezolana de Navegacion*, 93 F.3d 675, 676 (9th Cir. 1996) discussed the importance of Cal. Rules of Prof. Conduct 3.3 to ensure that lawyers are not "hiding the legal ball" from the court. In *Transamerica*, the court concluded that counsel did not violate rule 3.3 since she did not knowingly fail to disclose controlling authority directly adverse to the position she advocated since the decision she did not disclose did not reach the merits of the subject transfer order. Also see generally, *Shaeffer v. State Bar of California*, 26 Cal.2d 739, 748 (1945) [discipline not warranted where counsel did not intentionally attempt to mislead the court by citing case law which was apparently superseded by subsequent adverse authority counsel did not cite, since counsel did not believe the subsequent case affected the decisional authority he relied upon].)

Courts have consistently held that sanctions are not warranted based on an attorney's inadvertence or negligent conduct. (*Zambrano v. Tustin*, 885 F.2d 1473, 1484 (9th Circuit 1989). Instead, sanctions imposed pursuant to the court's inherent power require a finding of bad faith. (*Lahiri v. Universal Music & Vido Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010)); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Sanctions are available for "willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." (*B.K.B v. Maui Police Dep't*, 276 F.3d 1091, 1108.) "'Bad faith' is 'present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" (*Id.* at p. 1107; *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) ["The bad faith requirement sets a high threshold" and requires conduct that is both reckless and frivolous.] The court in *Primus* acknowledged that although counsel's argument clearly lacks merit, "forceful and effective representation often will call for innovative arguments. For this reason, sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  foundation, or brought for an improper purpose.'" (*Primus Auto. Fin. Servs.*, *supra*, 115

2  F.3d at p. 649.)

3      In *Zambrano,* the Ninth Circuit reversed the district court's sanction order,

4  finding that counsel did not act in bad faith in violating court rules by failing to request

5  admission to the central district. The circuit court found that sanctions were not

6  warranted since the record did not support that counsel willfully violated the rules. The

7  court found that counsel's offense instead appeared to be a result of inadvertence or

8  neglect based on his misunderstanding of the effect of the district court's allowing him

9  to handle some pre-trial matters. (*Zambrano*, *supra*, 885 F.2d at p. 1484.)

10     In *Lahiri* on the other hand, the district court's order imposing sanctions against

11  plaintiff's counsel for bad faith conduct was upheld based on the cumulative effect of

12  counsel's litigation conduct in pursuing a frivolous copyright claim over five years

13  which resulted in unreasonably protracted and costly litigation. In *Lahiri*, counsel's

14  bad faith conduct included (1) purposefully misleading the court by misrepresenting a

15  settlement agreement to support the copyright claim; (2) misrepresenting and/or

16  misquoting Indian copyright law and authority cited; (3) failing to inquire whether his

17  client composed the subject piece *for hire* which would prevent a copyright claim; and

18  (4) by using a manipulative tactic in attempting to cause the court's recusal in deciding

19  the sanctions motion by retaining the judge's former law firm to defend him in the

20  sanctions motion.

21     "The failure to cite relevant authority, whether it be case law or statutory

22  provisions, does not alone justify the imposition of sanctions." (*United States v.*

23  *Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990)) This Court points out in its Order to

24  Show Cause that the court, in *Stringfellow,* further explained that "if the omitted case

25  law and statutory provisions would render the attorney's argument frivolous, he or she

26  'should not be able to proceed with impunity in real or feigned ignorance of

27  [them]…and sanctions should be upheld." (*Id.*; Dkt. 22, p. 4.) However, *Stringfellow*

28  did not address whether sanctions should be imposed pursuant to the Court's inherent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW
CAUSE

1    authority, as is at issue here, but instead involved the application of Fed. R. Civ. P. 11.

2    Regardless, even if the discussion in *Stringfellow* applies, it supports that sanctions

3    should not be imposed. In *Stringfellow,* the Ninth Circuit concluded that sanctions

4    should not be imposed against counsel for failing to cite a case and certain CERCLA

5    provisions, finding that counsel's argument was not frivolous, but at least plausibly

6    supported by the language of the statute relied upon. (*Id.* at p.p. 226-27.)

7         This Court also cites *Nelson v. Patel,* No. CV 09-07722 DDP (JEMx), 2009 WL

8    5183814, at *5-6 (C.D. Cal. Dec. 22, 2009) and *City of Santa Rosa v. Patel,* No. C-07-

9    3528 MMC, 2007 WL 2790687 (C.D. Cal. Sept. 25, 2007), in support of a district

10   court's inherent authority to impose sanctions on attorneys who fail to disclose binding

11   authority adverse to their clients' position where they also served as counsel of record.

12   (Dkt. 22, p. 4.) However, defense counsel's conduct here is not comparable to that of

13   attorney Frank A. Weiser at issue in both the *Nelson* and *City of Santa Rosa* cases. In

14   both cases, Mr. Weiser was sanctioned for knowingly failing to cite binding authority

15   which was directly adverse to his position in his opposition to plaintiff's motion for

16   remand and in raising frivolous, legally unreasonable or baseless arguments for an

17   improper purpose. Unlike here, Mr. Weiser had repeatedly filed frivolous notices of

18   removal purportedly under 28 U.S.C. § 1443 in multiple cases for the purpose of delay

19   and to harass his opponent and had no plausible basis to remove the case to federal

20   court. In both cases, Mr. Weiser argued the matter should be removed since his client

21   could not receive a fair trial because of the jury pool in the county. However, Mr.

22   Weiser already knew this was not an objectively reasonable basis for removal based on

23   a prior final and binding decision by the Ninth Circuit a year earlier in one of his other

24   cases.

25        Here, neither Defendants nor defense counsel were acting in bad faith in failing

26   to cite the February 22, 2022 *Saldana* decision in its request for automatic stay. Defense

27   counsel did not knowingly fail to cite adverse controlling authority since counsel

28   mistakenly understood that since the opinion was not yet final given that the mandate

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  had not issued and since the time for filing a petition for rehearing had not expired, it

2  was not binding precedent at that time. (Decl. Kanno, ¶¶ 6, 7, 10.) Defense counsel was

3  not attempting to mislead this Court or opposing counsel, or hide the *Saldana* opinion,

4  as counsel also understood the Court was already aware of it since it was cited in the

5  court's prior orders.[1] (Decl. Kanno, ¶¶ 9-10; Dkt. 14 and 17.) Instead, counsel

6  regrettably misunderstood the binding nature of the non-final opinion at the time of

7  defendants' filings in this court.[2]

8         In seeking the automatic stay of this Court's remand order, defense counsel

9  understood that the issue of federal jurisdiction had not been finally decided, and was

10  zealously advocating on behalf of her client for a stay of this Court's remand order to

11  protect defendants' time to appeal the order while the issue is still ripe and going

12  through appellate channels. Not only has mandate not yet issued in the *Saldana* matter,

13  prior to filing the request for stay in this action, defense counsel's office filed a motion

14  for a fourteen-day extension of time to file a Petition for Rehearing and Rehearing En

15  Banc in the *Saldana* matter on March 1, 2022, and filed the Petition for Rehearing on

16  March 25, 2022. (Decl. Kanno, ¶ 6.) In addition, the U.S. Chamber of Commerce will

17  be seeking leave to file an amicus brief in support of rehearing.

18         Respectfully, defense counsel now understands that regardless of the potential

19  for future challenges of the *Saldana* opinion, at the time Defendants' request for stay

20  _____

21  [1] In referencing the *Saldana v. Glenhaven Healthcare LLC* case on page 4, lines 14-16 in defendants' request for automatic stay, counsel did not mean to suggest that a

22  decision had not been rendered in *Saldana,* but was attempting to convey that another court had issued an automatic stay on June 4, 2021 *sua sponte* based on the *Saldana*

23  action which was pending in the Ninth Circuit at that time. (Decl. Kanno, ¶ 9.) Counsel stated that the Ninth Circuit had not yet spoken and there is no binding precedent

24  based on a misunderstanding that the decision in *Saldana* filed on February 22, 2022 was not binding on this Court at that time since the mandate had not yet been issued

25  and a Petition for Rehearing was forthcoming. (*Id.* at ¶ 10.)

26  [2] Defense counsel has been licensed to practice law in California since June 2004, and has never been sanctioned by any court, nor been the subject of any disciplinary

27  matter. Counsel takes the oath and duty of candor very seriously and apologizes to the court for not citing the decision. (Decl. Kanno, ¶¶ 11-12.)

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   was filed, that decision was binding on this Court and should have been noted in the

2   papers filed. (Decl. Kanno, ¶ 11.)

3       Moreover, not only did defense counsel not attempt to mislead this court in

4   failing to cite the *Saldana* decision, the *Saldana* decision did not render Defendants'

5   request for 30-day automatic stay frivolous. Given that the Ninth Circuit's decision in

6   *Saldana* is not final, but is still being challenged, defendants reasonably requested a

7   stay of this court's order to allow time to appeal the remand order[3] and to provide

8   further time for the *Saldana* decision to either become final or potentially amended or

9   withdrawn by the Ninth Circuit. See generally, *NRDC v. County of L.A.*, 725 F.3d 1194,

10  1203 (9th Cir. 2013) ("[A] court of appeals may modify or revoke its judgment at any

11  time prior to issuance of the mandate, sua sponte or by motion of the parties."), citing

12  *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990); and *Carver v. Lehman*, 558

13  F.3d 869, 878 (9th Cir. 2009).

14      In this regard, counsel understood a decision is not final until the mandate issues,

15  and the timely filing of a petition for rehearing *en banc* stays the mandate until

16  disposition of the petition, unless otherwise ordered. (Fed. Rule Civ. P. 41(d)(1).) Case

17  law supports that an appellate opinion does not become "fixed" as settled Ninth Circuit

18  law if a petition for rehearing is pending. (See *Carver v. Lehman,* 558 F.3d 869, 878-

19  879 & fn. 16 (9th Cir. 2009), citing *United States v. Ruiz*, 935 F.2d 1033, 1037-1038

20  (9th Cir. 1991); also see Fed. R. Civ. P. 41(c), Adv. Comm. Note, 1998 Amend. –"A

21  court of appeals' judgment or order is not final until issuance of the mandate; at that

22  time the parties' obligations become fixed."] "Thus, until the mandate issues, an

23  opinion is not fixed as 'settled Ninth Circuit law,' and reliance on the opinion is a

24

25

26  _____

27  [3] 28 U.S.C. § 1447(d) "an order remanding a case to the State court from which it was
    removed pursuant to section 1442 (in this case, federal officer jurisdiction) or 1443" is

28  reviewable by appeal.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-2722-7926.1                                        7                          Case No. 5:22-cv-00300-SB-SHK

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW
CAUSE

1  'gamble.'" (*Carver*, *supra*, 550 F.3d at p. 879 fn. 16, citing *United States v. Ruiz*, 925
2  F.2d at p. 1037.)

3       The Ninth Circuit in *Carver* further explained:

4            No opinion of this circuit becomes final until the mandate
             issues, and the opinion issued by the prior majority was only
5            part way through its finalization process. Until the mandate has
             issued, opinions can be, and regularly are, amended or
6            withdrawn, by the merits panel at the request of the parties
             pursuant to a petition for panel rehearing, in response to an
7            internal memorandum from another member of the court who
             believes that some part of the published opinion is in error, or
8            *sua sponte* by the panel itself.

9  (*Carver v. Lehman*, 558 F.3d 869, 878-879.

10      Defendants in this action have a right to pursue an appeal of the remand order,
11  particularly given that the Ninth Circuit's decision in *Saldana* is not yet final and could
12  still be withdrawn or modified on rehearing by the Ninth Circuit *en banc*.[4] Thus, the
13  *Saldana* decision did not render Defendants' request for a 30-day automatic stay
14  frivolous.

15      Therefore, counsel's omission of the *Saldana* decision did not rise to the level
16  of bad faith conduct warranting sanctions. Neither defense counsel nor defendants
17  intended to mislead this Court, knowingly failed to cite authority believed to be
18  controlling and adverse to defendants' request for stay, nor did the *Saldana* decision
19  render the request for stay frivolous or baseless. Having researched the issue further,
20  counsel now has a different understanding of the effect of a newly filed opinion and
21  the obligation to disclose it and will act accordingly in the future.

22

23

24

---

25  [4] Moreover, seeking a petition for rehearing may delay publication of a case.
26  Christopher A. Goelz, et al., *Rutter Group Practice: Federal Ninth Circuit Civil Appellate Practice* § 10:473 (27th ed. 2021) ("A 'temporary hold' is sometimes placed
27  on a published opinion (e.g., where post appeal matters such as a petition for rehearing are pending)").
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**III.    CONCLUSION**

2

3

For the foregoing reasons, Defendants and defense counsel respectfully request that this Court not impose sanctions.

4

DATED:  March 25, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5

By:  /s/ Rita R. Kanno

6

Kathleen M. Walker
Lann G. McIntyre

7

Rita R. Kanno
Attorneys for Defendants
P&M HEALTHCARE HOLDINGS, INC. dba RANCHO

8

MESA CARE CENTER, MARYLYNN MAHAN, and
PHILLIP WEINBERGER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW
CAUSE

# CERTIFICATE OF SERVICE

*Luna, et al. v. P & M Healthcare Holdings, Inc. dba Rancho Mesa Care Center et al.*

USDC-Central District, Case No. 5:22-cv-00300-SB-SHK

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 25, 2022, I served the following document:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| Allen R. Oghassabian<br>Christian R. Oliver<br>The Barnes Firm, LC<br>655 W. Broadway, Suite 940<br>San Diego, CA 92101<br>***Attorney for Plaintiffs*** | Tel: 800.800.0000<br>Fax: 888.800.7050<br>Email:<br>allen.oghassabian@thebarnesfirm.com<br>christian.oliver@thebarnesfirm.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 25, 2022

*/s/ Kimberly Dammeyer*

Kimberly Dammeyer

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4860-2722-7926.1

Case No. 5:22-cv-00300-SB-SHK